IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGIOS TSOUKALAS,** : | |
| : | |
| Petitioner, : | CIVIL NO. 3:CV-06-1263 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Respondent. : | |

**M E M O R A N D U M**

**I.     Introduction**

Petitioner, Georgios Tsoukalas, a federal prisoner confined at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Petitioner also filed a motion for leave to proceed *in forma puaperis* (Doc. 3). Respondent is the United States of America.[1] Petitioner is challenging his conviction in the United States District Court for the Southern District of Florida, based upon claims of: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) abuse of discretion by the trial court. (Doc. 2 at 8-9.)

**II.     Background**

Petitioner alleges that on September 3, 1999, he was indicted on one count of importing cocaine into the United States and one count of possession of cocaine with intent to distribute. (Doc. 4 at 5.) After a jury trial, Petitioner was convicted on both counts. (*Id.*

---

[1]Although Petitioner, a federal prisoner, is technically detained by the United States of America, the proper Respondent in this action would be the "warden of the facility where the prisoner is being held, not . . . some other remote supervisory official." *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2718 (2004).

at 6.)  As a result of the conviction, on April 28, 2000, Petitioner was sentenced to concurrent terms of 151 months of imprisonment, followed by five years of supervised release.  (*Id.*)

Petitioner filed a direct appeal of the conviction to the United States Court of Appeals for the Eleventh Circuit, and on February 7, 2001 the appeal was denied.  (*Id.*)  Thereafter, on January 11, 2002, Petitioner filed a motion for relief pursuant to the provisions of 28 U.S.C. § 2255, raising five grounds of ineffective assistance of counsel, and the motion was subsequently denied.  (*Id.*)  The instant petition ensued.  For the reasons that follow, the Court finds that § 2241 relief is unavailable to Petitioner, and the Court will summarily dismiss the petition without prejudice.

## III.   Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)  *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997).  The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus

2

petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a §2255 motion. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Thus, the Petitioner's proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (West Supp. 2000); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit Court of Appeals has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Brooks*, *supra*, 230 F.3d at 648 (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative . . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added). Petitioner has the burden of proving that section 2255 would be an inadequate or ineffective remedy, *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)), and section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

Petitioner has filed one prior motion for relief under § 2255, and it is unclear whether he has filed for permission to file a second § 2255 motion. Regardless, it is irrelevant

whether Petitioner has sought permission to file a further § 2255 motion, and was denied, or he is simply assuming his inability to file a successive § 2255 motion from the specific language of the Code.  In either event, § 2255 is not inadequate or ineffective merely because he is unable to meet the gatekeeping requirements of the section.  *Dorsainvil*, 119 F.3d at 251.  If he has sought such permission, and been denied, then the Court must dismiss the present petition under 28 U.S.C. § 2244(a).[2]  If permission has not been sought, he would be required to do so under § 2244(b)(3)(A).[3]  Petitioner has failed to raise any argument that § 2255 is inadequate or ineffective to test the legality of his detention, and relief is not available in this Court.  At best, Petitioner has only demonstrated a personal inability to utilize the § 2255 remedy a again, because of the gatekeeping provisions in that section.[4]  Nothing in the instant petition establishes the inadequacy or ineffectiveness of the remedy.  Since section 2255 is not inadequate or ineffective to test

---

[2] 28 U.S.C. § 2244(a) states:
"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255."

[3] 28 U.S.C. § 2244(b)(3)(A) states:
"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[4] 28 U.S.C. § 2255 states in pertinent part:
"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
 (1)  newly discovered evidence . . . or
 (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . ."

the legality of Petitioner's detention or sentence, the Court will dismiss this 2241 petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   An appropriate order follows.


Dated: June 29, 2006.        /s/ A. Richard Caputo
                                      A. RICHARD CAPUTO
                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGIOS TSOUKALAS,** | : | |
| | : | |
| Petitioner, | : | **CIVIL NO. 3:CV-06-1263** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Respondent. | : | |

## O R D E R

**AND NOW, THIS 29th DAY OF JUNE, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED** without prejudice to any right Petitioner may have to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

2. The Clerk of Court is directed to **CLOSE** this case.

3. The pending motion (Doc. 3) is **DENIED** as moot.

4. There is no basis for the issuance of a certificate of appealability.

                                               /s/ A. Richard Caputo
                                               A. RICHARD CAPUTO
                                               United States District Judge